PETER SNYDER *against* HENRY ZIMMERMAN, and another.

IN ERROR.

</div>

The bail on an appeal from the award of arbitrators, under the compulsory arbitration act, is not subject to the practice in reference to special bail. Where the appellee is dissatisfied with the bail, his course is to apply to the court for a rule for additional bail, and the opinion of the court that the bail is sufficient, is conclusive; he cannot treat it as a nullity, and issue execution.
Bail may be dispensed with altogether, and suffering a term to pass without objection on the part of the appellee, dispenses with it.

Writ of error to the District Court for the city and county of Lancaster.

The case was this, on the 1st of November, 1824, an award under the compulsory arbitration act, was filed against the defendants for three hundred and ninety dollars and ninety-two cents: they appealed, and *Richard Ream* entered into the recognizance as their security; on the 27th of November the plaintiff's attorney excepted to the bail entered, on the 1st December notice of the exception was proved, and filed. On the 6th of December a new recognizance was entered into by *Curtis Ream* as security; on the 13th December the plaintiff excepted to *Curtis Ream* as bail. On the 18th, notice of this exception was given, and on the 31st *Curtis Ream* made an affidavit, which was endorsed on the back of his recognizance, " that he was a freeholder worth

(Peter Snyder, v. Henry Zimmerman, and another.)

eight hundred dollars, after paying all his debts." This affidavit was made before the Mayor of the city of Lancaster. The plaintiff disregarding the appeal, issued a *fi. fa.* to June term, 1825, on which a levy was made on the personal and real estate of the defendants, who gave notice to the sheriff not to sell. The sheriff sold the personal property, and the 13th August, 1825, held an inquisition on the real estate, and on the 28th of August sold it. On the 5th of December, 1825, a rule to shew cause why the *fi. fa.* &c. should not be set aside, was obtained, and on the 17th June, 1826, the rule was made absolute and restitution awarded.

The District Court sits on the second Monday in June, and on the first Monday of September. This writ of error was taken by the plaintiff, who now assigned for error, that

1st. The award of the 1st of November, 1824, was not appealed from, the bail attempted to be given being entered without notice to the plaintiff and therefore a nullity.

2d. The bail entered after the exception taken to the first bail was without notice to the plaintiff, and without justification, and therefore illegal and void.

3d. The Mayor of the city of Lancaster had no authority to take the affidavit made by the bail, and it did not therefore amount to a justification.

*Hopkins,* for the plaintiff in error, contended that bail on appeal from the award of arbitrators should not be permitted to be entered without notice to the appellee. Under the act of Assembly, *Purdon's Dig.* 20, certain requisites are required to enter an appeal, and these must be literally observed. The omission of the word *firmly,* in the oath required upon the appeal has been decided to be fatal to it. It is of much more consequence that sufficient bail should be entered. The party to be affected has an undoubted right to call in question their sufficiency. But how can he have the exercise of this right unless notice to him be required. The prothonotary is but a ministerial officer, and bound to receive the bail offered *de bene esse.* If the bail is not entered, it is the duty of the prothonotary, at the request of the party in favour of whom the award is, to issue execution. He referred to *Donaldson* v. *Cunningham,* 13 *Serg. & Rawle,* 243.

The case of *Jones* v. *Badger,* in 5 *Bin.* 461, is not like this case, for there the appellants gave notice that the cognizors would answer any questions. Without this notice, the appellant may enter whom he pleases, and the provision of the act of Assembly for sufficient security is inoperative. But after notice of exception, at all events new bail cannot be entered without such notice.

In England, the party must give notice of entering special bail, and without such notice the bail is a nullity. 1 *Archb. Prac.* 80. Here after exception had been taken, the new security, without

(Peter Snyder *v.* Henry Zimmerman and another.)

notice to the party, justified before the Mayor, who had no authority, to receive such justification. Bail must be taken before a person having competent authority, before the court, a judge, or a commissioner of bail, *Jones* v. *Badger,* 5 *Bin.* 462. In the incipient stages of a cause, if notice is not given of entering special bail, the plaintiff may sue the bail bond, and in error, if the bail do not justify upon notice, the bail may be treated as a nullity, and execution issued.

*Porter* and *Buchanan,* for the defendants in error, were requested by the court to confine their argument to the third error assigned.

They argued that whether the Mayor had the power to administer this oath to the bail or not, was a matter of indifference. The appeal was regularly entered, and if the appellee were dissatisfied, he should have applied to the court, he could not disregard the appeal and issue execution. The right of appeal is liberally construed to preserve the trial by jury, which the arbitration law in some sort impugns. By the terms of the act of assembly, no notice is required of entering bail to obtain an appeal, and it has never been the practice to give such notice.

The rules as to the mode of entering special bail are not applicable to entering bail for an appeal under the arbitration act. This was long ago decided in *Jones* v. *Badger.* But the justification was well taken before the Mayor. Administering an oath both here and in England is a ministerial act, and the Mayor had power to administer oaths, which is enough. They referred also to *Means* v. *Trout,* 16 *Serg. & Rawle,* 349.

In case the appellee was dissatisfied, application should have been made to the court at the next term after exception taken. *Zeigler* v. *Fowler,* 3 *Serg. & Rawle,* 238. *Cochran* v. *Parker,* 6 *Serg. & Rawle,* 549. Here he suffered that term to pass, and comes too late upon this exception.

This writ of error is not well taken, and should have been quashed: an appeal is still pending, and there is no final judgment in the case, *Gardner* v. *Espy,* 1 *Penn. Rep.* 73, and the execution could not be issued in the face of the appeal.

*Hopkins,* in reply. We excepted to the bail, and it was for them to justify; and they should have done this by the next term, and it is they who have slipped their time.

The Mayor has no greater or other power in this respect than a justice of the peace; and if a justice has the power to take the affidavit of justification on exception to special bail, he must hear and determine the question judicially, which must be incongruous.

Two terms elapsed after execution was issued before application to the court to set it aside, such application was then out of time.

A motion to quash the writ of error cannot now be entertained. After joinder in error such motion is never received.

(Peter Snyder *v.* Henry Zimmerman, and another.)

The opinion of the court was delivered by

Gibson, C. J.—The bail in an appeal is not subject to the practice in reference to special bail. Where the appellee is dissatisfied, his course is a rule for additional bail; but where, as here, the court is of opinion that the bail is sufficient, there is an end of the matter. The allegation that the justification was before an alderman, is inaccurate in point of fact. The affidavit of sufficiency was merely sworn to before the alderman, who did nothing more than administer the oath, as under his general powers he might well do. But even were the appeal erroneously taken, the appellee precluded himself from insisting on it. Whether erroneously or not, it was actually taken, and could not be treated as a nullity, without having been formally quashed. Bail may be dispensed with altogether, and it has been repeatedly determined that the appellee does dispense with it by suffering a term to pass without objection. Here there was an appeal actually taken which is still depending; and the execution having issued without a valid or existing judgment to support it, was properly quashed.

Order of the Common Pleas affirmed.